

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50310 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00301-SJO-1 |
| v. | |
| JAMES EDWARD LINDSEY, JR., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted August 12, 2019
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and M. WATSON,[**] District Judge.

Defendant James Edward Lindsey, Jr. appeals his sentence of twenty-four

months' imprisonment, imposed after he pleaded guilty to embezzlement of mail

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

matter in violation of 18 U.S.C. § 1709. He argues that the district court improperly calculated an intended loss amount greater than $95,000 under United States Sentencing Guideline § 2B1.1(b)(1)(E), based partly on the face value of two checks that were found in his possession. He contends that the district court clearly erred in concluding that he intended to cause a loss from those checks.

"A calculation of the amount of loss is a factual finding reviewed for clear error," which is a "significantly deferential" standard. *United States v. Stargell*, 738 F.3d 1018, 1024 (9th Cir. 2013) (citations omitted). We need not determine here whether the district court clearly erred in concluding that Defendant intended to cause a loss in the amount of the checks because there was other evidence to support the district court's intended loss calculation.[1]

Defendant did not dispute that he intended to cause a loss in the amount of $90,021.14, which is the value of the diamonds that he admitted stealing from the mail. The district court's conclusion that Defendant intended an additional loss greater than $4,978.86 has support in the record.

---

[1] We may affirm the district court's intended loss calculation on any basis supported by the record. *See United States v. Nichols*, 464 F.3d 1117, 1122 (9th Cir. 2006) ("[W]e may affirm on any ground supported by the record, even if it differs from the rationale of the district court." (citation omitted)); *United States v. Polanco*, 93 F.3d 555, 566 (9th Cir. 1996) ("[W]e may nevertheless affirm the district court's sentencing decision on any basis supported by the record.").

First, $5,000 in cash was found in Defendant's backpack during the search incident to his arrest. The picture of the diamonds and the cash and the text messages Defendant sent to his girlfriend suggest that the cash was either stolen or constituted the proceeds of stolen goods. The Government thus proved by a preponderance of the evidence that the $5,000 cash represents additional intended loss, which supports the district court's ultimate intended loss calculation.

Second, "when calculating loss amounts, the district court is allowed to consider all relevant conduct that is 'part of the same course of conduct or common scheme or plan as the offense of conviction.'" *United States v. Thomsen*, 830 F.3d 1049, 1071 (9th Cir. 2016) (quoting U.S.S.G. § 1B1.3(a)(2)). "This allows the court to include charged, uncharged, and even acquitted conduct in the determination of loss." *Thomsen*, 830 F.3d at 1071. Defendant admitted to stealing "valuable jewelry" from the mail during the six or seven months preceding—and as recent as the week before—the charged offense. During that same period, the post office reported losing expensive items like diamond rings and loose diamonds. Additionally, a search of Defendant's phone revealed a picture of his girlfriend wearing a large diamond ring. Given that Defendant admitted to stealing *multiple* pieces of *valuable* jewelry and that the district court could infer that the diamond ring from the photograph was stolen, Defendant's

3

prior mail theft proves by a preponderance of the evidence that Defendant intended to cause an additional loss reasonably estimated to exceed $4,978.86.

Both of those independent bases support the district court's conclusion that "[D]efendant would have taken as much as he could have taken from the victims," and both support the district court's ultimate intended loss calculation.

**AFFIRMED**.